THE THIRD AVENUE SAVINGS BANK *vs.* DIMOCK and others.

1. Leave will not be granted to file a supplemental answer by way of amendment, to set up a defence which will not tend to promote the ends of justice.

2. A defence to a bill for foreclosure, that the complainants, in making the loan to secure which their mortgage was given, were acting *ultra vires*, is an unconscionable one, which this court will not extend its indulgence to admit.

---

On bill to foreclose. Application on part of the owners of the equity of redemption in the mortgaged premises, and the holder of a second mortgage, to file supplemental answers by way of amendment.

*Mr. W. J. Magie* and *Mr. W. H. Vredenburgh*, for the application.

*Messrs. McCarter* and *Keen*, contra.

THE CHANCELLOR.

The defendants, Helen W. Dimock and her husband, mortgagors and owners of the equity of redemption, and F. W. Butterfield, holder of a second mortgage, ask leave to file supplemental answers by way of amendment. They claim to have discovered, since filing their respective answers, that by force of certain statutes of New York the complainants, in making the loan of $100,000, to secure which their mortgage was given, were acting *ultra vires*, and they apply for permission to set up this defence by amendment. These defendants have already had the indulgence of the court in extending the time for putting in their answers.

Applications like the present are not favored in this court. Lord Eldon, in *Edwards* v. *McLeay*, 2 *Ves. & Bea.* 256, says, they are "always granted with great difficulty, where an addition is to be put upon the record prejudicial to the plaintiff." Judge Story, in *Smith* v. *Babcock*, 3 *Sumner* 584, says : "I deem it indispensable for the purposes of the administration of public justice, to hold to a strict course against allowing parties, upon afterthoughts and new suggestions, and new aspects of a cause, to change the posture of a case from that on which they deliberately chose, originally, to present it to the court." In *Huffman* v. *Hummer*, 2 *C. E. Green* 271, this court says : "An application to amend an answer is addressed to the discretion of the court. In mere matters of form, clerical mistakes, or verbal inaccuracies, great indul-

gence is shown in allowing amendments, even in sworn answers. But application to amend in material facts, or to change essentially the grounds taken in the original answer, are granted with great caution, and only where it is manifest that the purposes of substantial justice require it." The ends of justice will not be promoted by granting the application. The defence is one which this court will not extend its indulgence to admit. It is unconscionable, both as to the defendants Dimock and wife, to whom the loan was made, and as to Butterfield, whose mortgage was taken with full notice of the existence of the complainants' encumbrance.

The motion is denied.